UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEROCK SMITH,<br>Petitioner,<br><br>v.<br><br>BERNADETTE MASON; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;<br>Respondents. | No. 2:25-cv-0539 |

**O P I N I O N**
**Report and Recommendation, ECF No. 20 – Adopted**
**Petition for Writ of Habeas Corpus, ECF No. 2 – Denied and Dismissed**
**Motion for Stay, ECF No. 4 – Dismissed**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**November 4, 2026**

## I. INTRODUCTION

Petitioner Ferock Smith is serving an aggregate sentence of fifty (50) years to life in prison following his conviction of first-degree murder, criminal conspiracy, firearms not to be possessed without a license, and possession of an instrument of a crime, before the Court of Common Pleas of Philadelphia County in 2012. On January 29, 2025, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting nine (9) grounds. The Philadelphia District Attorney's Office ("the Commonwealth") filed a response on October 21, 2025. Magistrate Judge Scott W. Reid issued a Report and Recommendation ("R&R") on December 12, 2025, recommending that the Court deny the petition, to which Smith has filed objections. For the reasons that follow, the objections are overruled, the R&R is adopted, and the petition is

denied and dismissed. Of note, Smith raised a ground for habeas relief in a motion to stay filed prior to the issuance of the R&R, rather than in his petition or an amended petition. Smith reiterated this ground in his objections. Although Smith did not raise this ground properly, out of an abundance of caution, the Court conducted de novo review of this matter.

## II. STANDARDS OF REVIEW

### A. Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of*

*the V.I. v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

**B. Habeas corpus petitions under 28 U.S.C. § 2254 – Review of Applicable Law**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Ineffective assistance of counsel habeas claims – Review of Applicable Law**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *See Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*,

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence, and the burden is on the petitioner. *See id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *See Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

## III. BACKGROUND

The R&R thoroughly summarizes the factual and procedural history of this case. *See* R&R 1-5, ECF No. 20. Smith does not object to this summary and, after review, it is adopted and incorporated herein. Of note, on July 16, 2012, following a jury trial, Smith was convicted of first-degree murder, criminal conspiracy, firearms not to be possessed without a license, and possession of an instrument of a crime, before the Court of Common Pleas of Philadelphia County. *See* R&R 1 (citing *Commonwealth v. Smith*, 188 EDA 2013, 2014 WL 10575374 at *1 (Pa. Super. Ct. Sept. 23, 2014)). These convictions arose from the shooting death of Barry

Jacobs, Jr. *See id.* On December 17, 2012, Smith was sentenced to fifty years to life imprisonment. *See id.* The sentence was affirmed on direct appeal and, on April 29, 2015, the Pennsylvania Supreme Court denied his petition for review. *See* R&R 3. On March 22, 2016, Smith filed a timely PCRA petition, which was subsequently denied. *See id.* at 2-3. This denial was affirmed by the Pennsylvania Superior Court on September 10, 2024. *See id.* at 3. Smith had until October 8, 2024, to file a petition for rehearing. *See Commonwealth v. Smith*, 1698 EDA 2023 (Pa. Super. Ct.).

On January 22, 2025,[2] Smith filed the instant petition raising the following grounds for habeas relief: 1) the Commonwealth withheld the exculpatory testimony of James Robinson in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); 2) Smith's trial counsel was ineffective for failing to investigate James Robinson's statements; 3) trial counsel was ineffective for failing to investigate and present exculpatory evidence of Sonya Cooper, who called the police after the fatal shooting; 4) trial counsel was ineffective for failing to object to introduction of a 9mm handgun in Smith's possession into evidence, when it was not used in the murder; 5) trial counsel was ineffective for failing to object to the Commonwealth's notice of intent to introduce prior bad act evidence, without proof, that Smith was a drug dealer; 6) trial counsel was ineffective for advising Smith not to testify and failing to offer evidence to rebut the Commonwealth's case; 7) trial counsel was ineffective for failing to object and request a mistrial when the Commonwealth referred to Smith as a drug dealer without evidence; 8) trial counsel was ineffective for failing to file a motion to sever Smith's trial from the trial of an adult co-defendant; and 9) cumulative error. *See* Pet. 8-18, ECF No. 2.

---

[2] The habeas petition was docketed on January 29, 2025, but placed in the prison mail system on January 22, 2025, which is the operative date for filing under the prison mailbox rule.

Also on January 29, 2025, Smith filed a Motion to Stay and Abey Federal Habeas Corpus § 2254 Proceedings, ECF No. 4. This Motion mentioned ineffective assistance of appellate counsel as a ground for habeas relief. *See id.* at 3. This was not raised as a ground for habeas relief in Smith's petition. The Motion to Stay and Abey was denied without prejudice on February 5, 2025, because there were no pending matters in the Pennsylvania courts. *See* ECF No. 8.

On October 21, 2025, the Commonwealth filed its Response to Petition for Writ of Habeas Corpus, ECF No. 19.

On December 12, 2025, the Magistrate Judge issued an R&R recommending that in light of the deference owed to the findings of the state court, the Court should not disturb the Superior Court's conclusions in Smith's PCRA appeal as to the *Brady* claim. *See* R&R 9-11. Notably, the Magistrate Judge determined that the Superior Court's conclusions, that Robinson was not a credible witness during the underlying PCRA proceedings and that the only evidence he made a statement to detectives exculpating Smith was his own incredible testimony, which was not sufficient for Smith to prove the statement was withheld by the Commonwealth in violation of its obligations under *Brady*, were reasonable. *See id.* The Magistrate Judge also determined that Smith's remaining claims were unexhausted in state PCRA proceedings and procedurally defaulted. *See id.* at 11-12. However, based on Smith's argument that failure to exhaust was due to his PCRA counsel's ineffectiveness, the Magistrate Judge reviewed whether the claims had merit, such that the failure to exhaust could be excused pursuant to *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). *See* R&R 12. Nevertheless, the Magistrate Judge concluded that Smith's ineffective assistance of trial counsel claims did not have merit and thus recommended that the Court should deny habeas relief. *See id.* at 12-22.

Smith filed objections to the R&R on January 28, 2026, which were received on February 4, 2026. *See* Objs. 1, ECF No. 23. The page numbers are taken from the ECF numbering.

**IV. ANALYSIS**

This Court conducted de novo review of the portions of the R&R to which Smith objected and reviewed the Magistrate Judge's R&R as to the remaining claims for plain error or manifest injustice. Based on its review, the Court adopts the R&R in its entirety and incorporates the same herein. This Opinion briefly addresses Smith's objections. *See generally* Objs.

First, Smith objects to the Magistrate Judge's conclusion that the Commonwealth's alleged *Brady* violation, based on statements purportedly made by James Robinson to law enforcement during the underlying investigation, does not provide a basis for federal habeas relief. *See id.* at 1-4. However, this objection is essentially a reassertion of the habeas ground in Smith's petition. *See* Pet. 8-9. After de novo review, this Court overrules this objection and denies the claim for the reasons set forth in the R&R. *See Handy v. Pa. Bd. of Prob. & Parole*, No. 13-1741, 2013 WL 6578926, at *1 (E.D. Pa. Dec. 16, 2013) ("Most of [the] petitioner's [o]bjections to the R & R merely repeat the arguments set forth in his [p]etition, and all such [o]bjections are overruled."); *Simeone v. Diguglielmo*, No. 06-2014, 2007 WL 2702943, at *1 n.2 (E.D. Pa. Sept. 13, 2007) (overruling objections to a report and recommendation because the objections were "nothing more than a restatement of the underlying claims" in the habeas petition).

Smith's next objection asserts a *Brady* violation based on alleged coercive and illegal interrogation tactics used by detectives involved in his case. *See* Objs. 7-9. However, this alleged *Brady* violation was asserted for the first time in Smith's objections, not in the petition.

"It is well settled that arguments cannot be raised for the first time in an objection to a Magistrate Judge's report and recommendation; rather, any such arguments are deemed waived." *Hawes v. Mahalley*, No. 2:17-cv-5316, 2020 WL 1508267, at *10 (E.D. Pa. Mar. 30, 2020).; *see also Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing Pa. E.D. L. Civ. R. 72.1.IV(c))); Pa. E.D. L. Civ. R. 72.1 IV(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.").

In the present case, Smith avers he discovered the basis of this newly asserted *Brady* violation in January 2025, the same month he filed his petition, and more than ten months before the Magistrate Judge issued the R&R. *See* Objs. 6. However, he did not seek leave to file an amended petition or otherwise attempt to present this claim to the Magistrate Judge despite being warned of the need to do so. *See* ECF No. 6 (Order dated February 5, 2025, advising Smith that "[p]ursuant to Local Civil Rule 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge."). Consequently, the Court will deem this new argument waived.[3]

---

[3] Additionally, the new claim is time-barred because it was first presented in the objections dated January 28, 2026, more than eleven (11) months after the time expired for Smith to file a habeas petition. This new claim does not relate back to the timely habeas claims. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Moreover, the new claim was discovered in January 2025 and discoverable with due diligence on or after

Smith next objects to the R&R's conclusions that his trial counsel was not ineffective for failing to investigate and present the testimony of James Robinson[4], failing to investigate and call "Sonia" Cooper[5] as a witness, failing to object to evidence that Smith was in possession of a 9mm handgun when arrested, and failing to object to the Commonwealth's references to Smith as a drug dealer.[6] *See* R&R 10-14. These objections each essentially reassert the claims in Smith's petition. *See* Pet. 9-10. After de novo review, the Court overrules these objections and dismisses the claims for the reasons set forth in the R&R.

Smith argues in his next objection that counsel in his first appeal was ineffective because she waived claims before the Superior Court when she failed to include certain claims in a

---

November 15, 2024, more than fourteen (14) months before it was raised. *See* Objs. 7 (stating that the claim is based on the Pennsylvania Superior Court's decision dated November 15, 2024); 28 U.S.C. § 2244(d)(1)(D) (providing a one-year period of limitations that runs "from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). *See also Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) ("Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003))); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) ("[T]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." (cleaned up)).

4 In this objection, Smith also argues that Robinson's testimony was important to contradict the statements of Antoinette Gray, which Smith argues should have been suppressed. Objs. 10-12. It is unclear if Smith is attempting to raise trial counsel's failure to object to Gray's statement as an additional ground for habeas relief. However, to the extent Smith is attempting to raise this argument, it was not presented as a ground for habeas relief before the Magistrate Judge, and is thus deemed waived and untimely for the reasons discussed above.

5 Smith's reference to "Sonia" here appears to be a typo, as this objection evidently refers to "Sonya Cooper," who is referenced in Smith's petition. *See* Pet. 10(a).

6 Smith claimed in his petition that his trial counsel was ineffective for not objecting to the Commonwealth when it referred to him as a drug dealer because there was no evidence to support these references. *See* Pet. 10(a). The Magistrate Judge addressed this contention and determined that the evidence supported these references. *See* R&R 17-18. In his objection, Smith now contends that his counsel should have objected to argument or evidence that he was a drug dealer under Pennsylvania Rule of Evidence 403. Objs. 15. However, Smith did not raise this Rule 403 argument before the Magistrate Judge, and it is thus waived and untimely for the reasons discussed above.

Pennsylvania Rule of Appellate Procedure 1925(b) statement and did not contest the trial court's failure to file an opinion pursuant to Rule 1925(a). Smith argues that his appellate rights should thus be reinstated *nunc pro tunc*. *See* Objs. 16-17. He did not raise this argument in his petition. *See generally* Pet. 8-19. Consequently, this issue is likely waived because it was not properly presented before the Magistrate Judge.[7] *See generally* R&R; *see also* 28 U.S.C. § 2242

---

[7] It appears that Smith first mentioned this issue as a ground for habeas relief in his Motion to Stay and Abey Federal Habeas Corpus § 2254 Proceedings, ECF No. 4. Although this is not the proper means to raise grounds for habeas relief, out of an abundance of caution, the Court will briefly address Smith's argument and determine if the alleged ineffective assistance of appellate counsel resulted in prejudice under *Strickland*. *See* 466 U.S. at 691.

Smith appears to argue that his appellate counsel failed to file the 1925(b) statement in general, which resulted in "the complete deprivation of [Smith's] appellate review in a meaningful manner and failing to preserve" the other habeas claims raised in the instant petition. Stay Mot. 3. Smith also argues that the trial court failed to file an opinion, which prevented the Superior Court from effectively reviewing his claims. *See id.* However, a review of Smith's first appeal indicates that a 1925(b) statement was filed, and that, unlike the cases cited by Smith, the Superior Court in this case was able to meaningfully review Smith's claims, in large part because the trial judge had authored an opinion in the appeal of Smith's co-defendant. *See generally Smith*, 2014 WL 10575374. In fact, during Smith's first appeal, the only issue his 1925(b) statement indicatively failed to raise was the argument that the evidence introduced at trial was insufficient for a guilty verdict for first-degree murder. *See id.* at *2.

Notwithstanding that Smith failed to raise this issue before the Magistrate Judge as required by statute, Smith fails to show actual prejudice due to this alleged ineffectiveness of appellate counsel. *See Strickland*, 466 U.S. at 691. The evidence introduced against Smith was comprised of, in relevant part, written statements made to law enforcement, which were admissible as substantive evidence under *Commonwealth v. Lively*, 610 A.2d 7, 10 (Pa. 1992), because the witnesses signed the statements and these signed statements were inconsistent with the witnesses' testimony at trial. *See Smith*, 2014 WL 10575374, at *4-5. A signed statement by Antoinette Gray provided that Smith and his co-defendants shot Jacobs, and that Gray saw Smith the next day and heard him and his co-defendants laughing about shooting Jacobs. *See* R&R 1 (providing a summary of the facts, sourced from the Pennsylvania Superior Court's opinion from Smith's first appeal) (quoting *Smith*, 2014 WL 10575374, at *1). Gray's statement also indicated that, prior to the shooting, she bought drugs from Jacobs after rejecting drugs from one of Smith's co-defendants, after which Gray saw Smith and his co-defendants shoot Jacobs. *See id.* at 18 (citing Trial Transcript, July 11, 2012, at 53:23-54-10). A signed statement by Eleanore Sampson provided that Smith and his co-defendants came to her apartment on the night of the shooting, that she allowed them to use her apartment because they gave her drugs, and that she overheard them having a conversation in which she heard Smith say he shot Jacobs. *See* R&R 2 (quoting *Smith*, 2014 WL 10575374, at *1). Since the evidence introduced against Smith was sufficient to establish the elements of first-degree murder, *see Commonwealth v. Martin*, 101

(prescribing that grounds for habeas relief should be raised in the application, which "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

Finally, Smith objects to the R&R's conclusions regarding the ineffectiveness of his PCRA counsel. However, the ineffectiveness of post-conviction counsel "shall not be a ground" for habeas relief. 28 U.S.C. § 2254(i). To the extent Smith argues that his PCRA counsel's ineffectiveness resulted in waiver of Smith's ineffective assistance of trial counsel claims, the Court has adopted the R&R's conclusion that these claims lack merit. *See* R&R 12-17; *see also Martinez*, 566 U.S. at 14 ("To overcome default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.") Consequently, the Court denies and dismisses this claim.

A certificate of appealability ("COA") is denied because Smith has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong.[8]

A.3d 706, 718 (Pa. 2014) (providing the elements of first-degree murder), the Court finds that Smith was not prejudiced by his appellate counsel's failure to raise a sufficiency of the evidence claim for this conviction in the 1925(b) statement.

[8] A COA should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## V. CONCLUSION

After de novo review and for the reasons set forth herein, the Court adopts the R&R in full. Smith's habeas petition and Motion for Stay are denied and dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*___________
JOSEPH F. LEESON, JR.
United States District Judge